**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORI COSTA,**

      **Plaintiff,**

**v.**                     **CASE # 6:17-CV-714-ORL-40TBS**

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**

      **Defendant.**

_____/

**OPPOSED MOTION TO COMPEL COMPLIANCE**
**WITH NONPARTY SUBPOENA**

Plaintiff, Lori Costa, by and through the undersigned counsel files this Motion to Compel Compliance with a Nonparty Subpoena directed to Tim Seehausen. M.D..

1.    This is a cause of action for disability income benefits pursuant to a policy of insurance purchased by Lori Costa (Costa) from Metropolitan Life Insurance Company (Metropolitan Life).

2.    In the course of discovery, Costa served a non-party subpoena duces tecum to Tim Seehausen, M.D..

3.    Dr. Seehausen is a nonexamining physician, self-identified as a MetLife Consultant, who reviewed Costa's file and provided opinions to Metropolitan Life.

4.    Plaintiff served a Notice of Subpoena to Metropolitan Life on November 14, 2017, giving Metropolitan Life the opportunity to state any objections as required by Fed. R. Civ. Proc. 45.

5.    After not hearing from Metropolitan Life with any objections, Plaintiff served the subpoena on Dr. Seehausen on December 1, 2017.

6.    After not receiving a response from Dr. Seehausen by the original deadline listed on the subpoena, Costa's undersigned counsel wrote Dr. Seehausen a letter on December 14, 2017, providing an extension, as a matter of courtesy, due to the delay in effecting service through and including December 27, 2017 with which to respond to the subpoena. Costa courtesy copied counsel for Metropolitan Life on this letter.

7.    Costa's subpoena requested the following items:

- Any handwritten, audio, or electronic notes, comments, correspondence, emails, summaries taken or created during review of records/ review of Lori Costa's file.
- True and accurate copies of any reports, analyses, recommendations, or comments provided to Metropolitan Life Insurance Company in conjunction with the review of the records, data, and reports.
- Any documents, fax, email, other correspondence, recording, or notes/summary of oral conversations with representatives from Metropolitan Life Insurance Company, including but not limited to Sean White, Individual Disability Income Senior Claims Specialist, regarding Lori Costa's claim.
- Any documents, fax, email, other correspondence, recording, or notes/summary of oral conversations with other physician reviewers contracted by or employed by Metropolitan Life Insurance Company, including but not limited to Jairo Parada, M.D., James Boone, Ph.D., Rodney Vanderploeg, Ph.D., regarding Lori Costa's claim.
- Any documents, fax, email, other correspondence, recording, or notes/summary of oral conversations with any of Lori Costa's treating physicians including but not limited to Patrick Madden, M.D., Paul

Carney, M.D., Herbert Silverstein, M.D., Steven Ho, M.D., Mark Levy, M.D., Kelly O'Neal, PsyD., Dawn Bowers, Ph.D., regarding Lori Costa's claim.

- Any documents, faxes, e-mails, summaries including medical records, medical summaries, or directions/questions/instructions provided by Metropolitan Life Insurance Company prior to the file review and each of your reports.
- Any phone notes, emails, correspondence, or faxes to or from anyone (other than Counsel for Defendant) related to Lori Costa.
- Any invoices, receipts, or bills reflecting the time spent and amount charged for the record review, analysis, and report/recommendations with regard to the Lori Costa file/claim.
- True copies of each W-2 or 1099 form reflecting the total amount paid from Metropolitan Life Insurance Company, whether directly from Metropolitan Life Insurance Company or through a third party vendor that hired you for your services, to you for consulting services (medical reviews, file reviews, report, recommendations, examinations) for the years 2015 and 2016.
- Any contracts or other document reflecting your employment, retainer, or other employment/consulting arrangement for Metropolitan Life Insurance Company to pay you for your services, to include documents stating your rate of compensation.
- Any documents that reflect the number of individual files Metropolitan Life Insurance Company retained you for your services for consultations, file reviews, reports, recommendations, and/or examinations for the calendar years 2015 and 2016.
- Any documents, contracts, agreements, memoranda of understanding that establish your position as a "Consultant, MetLife Insurance Company, Disability Department" as you self-identified on your cover letters to Dr. Madden dated August 10, 2016 and January 22, 2106 and Dr. Silverstein dated February 1, 2017.

8.     Dr. Seehausen responded to the subpoena by way of a letter received December 27, 2017, but his responsive letter did not address any specific category of the items requested and said:

> The information requested in your subpoena received 12/01/2017 has been or is being provided to you by Metlife.
> I have no materials in my possession concerning Ms. Costa's disability.

> My reviews and any other correspondence are in the Metlife file provided to you.
> If you feel information is missing, please request directly from Metlife.

Dr. Seehausen's letter is attached as Exhibit A.

9.     Dr. Seehausen is a licensed medical doctor, board certified by the American Board of Family Medicine. In his response, Dr. Seehausen represented that he does not have any copies of his Consulting Agreement or contract with Metropolitan Life. He represented he does not have any record of payments (pay stubs, direct deposit records, or tax information) from Metropolitan Life. He represented he does not have documents or communication from Metropolitan Life that would indicate the number of times he has been retained to review files. He represented he does not keep or maintain a copy of his audio dictations. Attached is Exhibit B which demonstrates at least two known emails were sent to Dr. Seehausen and Exhibit C that shows he recorded dictations and they were transcribed by another individual.

10.    Logic dictates that professionals retain their contracts, have payment records, and communicate with the individuals that employ them.

11.    Dr. Seehausen did not object to any portion of the subpoena.

12.    Metropolitan Life did not move to quash the subpoena.

**ARGUMENT AND MEMORANDUM OF LAW IN SUPPORT**

An Order to Compel Compliance is the first procedural vehicle when an individual or entity fails to obey the mandate listed in the subpoena. *Skyline Steel, LLC v. J.D. Fields & Co., Inc.*, 2015 WL 13358183 (M.D. Fla. Nov. 24, 2015).

Plaintiff properly noticed Defendant, Metropolitan Life, and served a non-party subpoena to Tim Seehausen, M.D.. Neither Metropolitan Life nor Dr. Seehausen objected to the subpoena. Just because Dr. Seehausen is not a party, it does not relieve him of his obligations to properly respond or comply with the Rules.

Dr. Seehausen failed to produce or otherwise respond to the inquiry regarding any documents, faxes, emails, or other correspondence with representatives from Metropolitan Life. Plaintiff has uncovered two emails in discovery received from Metropolitan Life from adjuster Sean White providing Dr. Seehausen with instructions. Dr. Seehausen cannot represent honestly that his emails are not in his custody or control. Exhibit B. There is also evidence of dictations Exhibit C, which suggests an audio recording exists that is likely in Dr. Seehausen's possession, custody, and control.

It is logical to infer that a professional, such as a licensed physician, keeps adequate records of his work and that such records would be in his possession, custody, and control. Dr. Seehausen represented that he has no documents reflecting the amount charged or paid, which would reflect the time spent, for his review of Lori Costa's file. The consulting agreement shows that Dr. Seehausen is paid hourly; Dr. Seehausen is not working for free. There must be some record of payment. By stating he has nothing in his possession to show this payment or charge, Dr. Seehausen represented to the Court that he does not have a pay stub, he does not have an email notification of payment, he does not have an invoice, and he does not have any bank records that would show a deposit for his payment for

his work on the Costa claim. This is absurd for any professional in light of modern accounting practices.

Metropolitan Life produced the Consulting Agreement and 1099 forms in response to the subpoena on behalf of Dr. Seehausen.[1] However, the subpoena was not directed to Metropolitan Life.  If Dr. Seehausen has any of these documents in his possession, custody, or control, Dr. Seehausen should have produced them, not Metropolitan Life. It is difficult to believe that a licensed physician such as Dr. Seehausen does not keep copies of his tax records, payments, invoices, or contracts that he signs.  By Metropolitan Life producing the documents for Dr. Seehausen, Metropolitan Life is attempting to sanitize the discovery process and limit what Plaintiff has access to; this obviates the discovery process. The subpoena was directed to Dr. Seehausen, not Metropolitan Life.

The individual to whom the subpoena is directed is protected from unreasonable subpoenas as prescribed by Federal Rule of Civil Procedure 45(d). The party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense. Fed. R. Civ. Proc. 45(d)(1). In the instant case, the requested materials are narrowly tailored to the needs of this case, as they pertain specifically to Dr. Seehausen's work on the Costa claim or otherwise directly address potential bias as a retained consultant for Metropolitan Life.  The subpoenaed materials are reasonably necessary, given the facts of this case.

---

[1] It should be noted that Dr. Seehausen is not an employee of Metropolitan Life, but an independent contractor.  The subpoena was addressed to Dr. Seehausen, individually, not addressed to Metropolitan Life. The attorneys for Defendant Metropolitan Life Insurance Company have not filed a Notice of Appearance on behalf of Dr. Seehausen, nor has Dr. Seehausen made any reference to being represented by counsel.

Additionally, Dr. Seehausen did not object to the subpoena. The failure to serve written objections to a subpoena within the time specified by the Rule constitutes a waiver of any such objections absent a finding of good cause. *Cadle v. GEICO Ins. Co.*, No. 6:13-cv-15912014 WL 12639859 (M.D. Fla. Aug. 29, 2014) (citing to *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005)). Only in unusual circumstances and for good cause will the failure to timely object not bar consideration of those objections. *Id.* There are no known unusual circumstances that would override Dr. Seehausen's apparent waiver of any objection.

In accordance with the Rule, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. Rule Civ. Proc. 45(d)(2)(B)(i).

WHEREFORE, Plaintiff, Lori Costa, hereby moves this Court for an Order to Compel the Production of the requested documents from Tim Seehausen, M.D..

## <u>CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 3.01(g)</u>

Pursuant to Local Rule 3.01(g), the undersigned certifies that Amy Ray, co-counsel of record contacted counsel for the opposing party, Jeffrey Landau, Esquire January 18, 2018 regarding this Motion. Metropolitan Life objects to this Motion to Compel Compliance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February, 2018, I presented the foregoing to the Clerk of the U.S. District Court, Middle District of Florida, Orlando Division, 425 N. Orange Avenue Orlando, Florida 32801, for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to: Jeffrey Landau, Esq., Attorney for Defendant, at Shutts & Bowen, LLP, 200 South Biscayne Blvd. Ste. 4100 Miami, FL 33131, and I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Tim Seehausen, M.D., 12702 Waterbury Lane, Tampa, FL 33618.

TUCKER & LUDIN, P.A.

_____s/ John V. Tucker_____
JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
tucker@tuckerludin.com
AMY RAY, ESQUIRE
Florida Bar # 115793
ray@tuckerludin.com
5235 16th Street North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
Attorneys for Plaintiff